## 12939. CARNES v. BRAY.

HILL, J. Garnishment proceedings were filed in the county court. The garnishee filed an answer from which it appeared that certain county warrants payable to the defendant in fi. fa. were in the hands of the garnishee. The defendant in fi. fa. filed pleadings in the nature of a traverse to the answer of the garnishee, and a claim to the property; these pleadings alleging that the defendant in fi. fa. was the warden of the convicts of the county and an employee of the county; that the county warrants in the possession of the garnishee were for the pay of the defendant in fi. fa. for his services to the county in public work done by him, that he did not direct that they be left with the garnishee, and that they were the property of the county and were exempt from garnishment. No motion was made by the plaintiff in fi. fa. to dismiss these pleadings on the ground that the defendant in fi. fa. had not dissolved the garnishment and therefore was not a party to the case. Judgment was entered by the judge of the county court in favor of the plaintiff in fi. fa., holding the warrants subject to garnishment; and the defendant in fi. fa. appealed the case to the superior court.

1. The judge of the superior court did not err in refusing to sustain the motion of the plaintiff in fi. fa. to dismiss the appeal on the ground that the defendant in fi. fa. was not a party to the case.

2. Before the answer of the garnishee to the summons of garnishment was filed, certain county warrants, issued for the defendant in fi. fa., were delivered into the possession of the garnishee, a private corporation, by the county authorities. Whether or not county warrants can be made the subject-matter of a garnishment proceeding, the case on appeal was submitted to the judge of the superior court without a jury, and evidence was submitted as to whether or not the defendant in fi. fa. had authorized the garnishee to receive the warrants for him; and, the facts testified to not demanding a finding that the garnishee was necessarily the agent of the defendant in fi. fa. in receiving the warrants, the judgment of the judge of the superior court in favor of the defendant in fi. fa. can not be disturbed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 23, 1922. REHEARING DENIED SEPTEMBER 23, 1922.

Appeal; from Putnam superior court — Judge Park. September 21, 1921.

*R. C. Jenkins,* for plaintiff.

*Davidson, Callaway & DeJarnette,* for defendant.

### ON MOTION FOR REHEARING.

BELL, J. The writer has succeeded to this case since the death of the late Judge Benjamin H. Hill, who wrote the opinion therein. We do not think that the motion for a rehearing is well taken. The court did not overlook any material fact of the record, as contended by plaintiff in error, but, on the other hand, the

decision in the case was made after a full consideration of the motion of the plaintiff in fi. fa. to dismiss the appeal; it being pointed out in the opinion that there was no motion made by the plaintiff in fi. fa. to dismiss the pleadings of the defendant in fi. fa. It is suggested by the attorney for the plaintiff in error that such a motion was made in the county court, but it is conceded that this is not shown in the record. The only question which is presented is whether or not the superior court was right in the disposition which it made of the motion of the plaintiff in fi. fa. to dismiss the appeal of the defendant in fi. fa.; and on that question we must adhere to the ruling previously made. The motion for a rehearing is therefore denied.

*Motion for rehearing denied. Jenkins, P. J., and Stephens, J., concur.*